O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SINH TRAN, | ) | Case No. CV 10-2318-CAS(AJW) |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING PETITION |
| v. | ) | FOR LACK OF JURISDICTION |
| | ) | |
| MICHAEL S. EVANS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner previously filed a federal habeas petition in this Court. [Case No. CV 03-2470-CAS(AJW)].[1]  The prior petition challenged petitioner's 2001 conviction of extortion.  The Court considered the merits of petitioner's claims and rejected them.  On November 26, 2007, judgment was entered denying the petition on the merits.  The Ninth Circuit denied petitioner's request for a certificate of appealability on September 24, 2008.  In this petition, petitioner again attempts to challenge his 2001 conviction. [Petition at 2, 5, Attachment].

---

[1] The Court may properly take judicial notice of such "matters of public record."  See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

1     A habeas petitioner is generally required to present all of his or her grounds for relief simultaneously rather than serially.

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Thus, a petitioner may not file a second or successive petition in this Court without obtaining prior permission from a three-judge panel of the Ninth Circuit Court of Appeals. As explained by the Supreme Court, the statute

> creates a "gatekeeping" mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.

Felker v. Turpin, 518 U.S. 651, 657 (1996). Unless a petitioner has obtained permission from the Court of Appeals, this Court lacks jurisdiction to consider the merits of a successive petition. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

A second habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits. Slack v. McDaniel, 529 U.S. 473, 485-487 (2000)(holding that a habeas petition filed after a prior habeas petition was dismissed for failure to exhaust state remedies and without adjudication on the merits was not a "second or successive petition"). Petitioner's first habeas petition, however, was rejected on the merits rather than on the basis of any procedural deficiency.

Petitioner has not shown that he has obtained leave from the Court of Appeals to file a successive petition. Consequently, this Court lacks jurisdiction to consider the petition. Accordingly, the petition is dismissed without prejudice to petitioner's right to seek the necessary authorization from the Court of Appeals.

**IT IS SO ORDERED.**

Dated: April 9, 2010

*Christina A. Snyder*
Christina A. Snyder
United States District Judge

3